IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERIC MUATHE, et al.,              )
                                  )
            Plaintiffs,           )
                                  )
v.                                )   Case No. 17-2373-CM
                                  )
STUART HITE, et al.,              )
                                  )
            Defendants.           )

## **ORDER**

Defendants have filed a motion to stay discovery (ECF No. 17) pending a ruling on their motion to dismiss.[1]  Plaintiffs have not filed a response to the motion to stay discovery, and the time for doing so under D. Kan. Rule 6.1(d) has run.  The motion is granted.

D. Kan. Rule 7.4 provides: "If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion.  Ordinarily, the court will grant the motion without further notice."  Although the court could grant the motion solely on the ground that it is unopposed, the court will briefly address the merits of the motion.

---

[1] Although the motion to stay references defendant's initial motion to dismiss (ECF No. 16), defendants anticipated in their motion to stay the filing of an amended motion to dismiss that "expressly raise[s] the qualified immunity defense." ECF No. 17 at 5, n. 1.  Defendants have since filed their amended motion to dismiss (ECF No. 18), and the court has found the initial dispositive motion moot.  *See* ECF No. 19.

It has long been the general policy in the District of Kansas not to stay discovery even if a dispositive motion is pending.[2] But four exceptions to this policy are recognized. A discovery stay may be appropriate if: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to the defendant's immunity from suit.[3] The decision whether to stay discovery rests in the sound discretion of the district court.[4] As a practical matter, this calls for a case-by-case determination.

The court has reviewed the record, the instant motion, and the pending amended motion to dismiss. The court concludes that a brief stay of all pretrial proceedings—including discovery and the scheduling of deadlines—is warranted until the court resolves defendants' pending dispositive motion. Defendants assert they're entitled to qualified immunity. Defendants are generally entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[5] "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those

---

[2] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[3] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297–98 (D. Kan. 1990)); *Siegert v. Gilley*, 500 U.S. 226, 232–33 (1991).

[4] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

[5] *Siegert*, 500 U.S. at 232–33.

defending a long drawn out lawsuit."[6]  The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed.[7]  In addition, the court finds that a ruling on the dispositive motion could narrow (or even conclude) this case, making discovery at this point wasteful and burdensome.

In consideration of the foregoing, and upon good cause shown,

IT IS HEREBY ORDERED:

1. Defendants' motion to stay (ECF No. 17) is granted.

2. All pretrial proceedings in this case, including discovery and initial disclosures, are stayed until further order of the court.

3. Should the case survive the pending amended motion to dismiss, the parties shall confer and submit a Rule 26(f) planning meeting report to the undersigned's chambers within 14 days of the ruling on the motion.  The court will then promptly set a scheduling conference.

Dated November 14, 2017, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[6] *Id*. at 232; *see also Gallegos v. City and Cty. of Denver*, 984 F.2d 358, 361 (10th Cir. 1993) ("A successful claim of qualified immunity allows a public official to avoid the burdens of discovery and litigation, as well as liability." (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817–18 (1982)).

[7] *Siegert*, 500 U.S. at 233 ("The entitlement is an *immunity from suit* rather than a mere defense to liability . . . ." (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original)).