**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ERIC MUATHE,** et al.,

    **Plaintiffs,**

    **v.**                                                                 **Case No. 17-2373**

**STUART HITE,** et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

This matter comes before the court upon defendants Stuart Hite, Dan Peak, and Crawford County Sheriff's Department's Amended Motion to Dismiss for Failure to State a Claim (Doc. 18). Pro se plaintiffs Eric Muathe, Julie Stover, and Kasey King filed their complaint on June 30, 2017 (Doc. 1). The complaint cites 42 U.S.C. §§ 1981, 1983, and 1985 and the First, Fourth, Fifth and Fourteenth Amendment rights as well as various state statues. The individual defendants are sued in both their personal and official capacities. Defendants seek to dismiss plaintiffs' twelve claims for failure to state a claim upon which relief can be granted, among other reasons.

As a preliminary matter, plaintiffs' response violates the local rules prohibition on filing briefs with excessive pages by about five pages. D. Kan. Rule 7.1(e) (prohibiting arguments authorities sections from exceeding 30 pages without leave of court). Although pro se litigants' pleadings are liberally construed, they are required to comply with federal and local rules.

**I.  Background**

The following facts taken from plaintiffs' complaint are taken as true. Plaintiffs were part of a group called "Summary Judgment Group" in February 2015. The group's intended purpose was to promote and protect various constitutional rights. Plaintiffs produced flyers that showed pictures of local

judges and their spouses and local law enforcement, including defendant Stuart Hite, at social events. Plaintiffs created these flyers because they believe that these social encounters between judges and arresting officers create a conflict of interest. The Summary Judgment Group has a website, Conflictgate.com, that features defendant Hite and his social interactions with local judges and attorneys. The group believes that the website exposes "corruption among public officials and . . . blatant conflicts of interests between area Judges, attorneys, businessmen, politicians and law enforcement." (Doc. 1, at 5.)

Plaintiffs started a petition to convene a grand jury to remove judges in Crawford County, Kansas, specifically Judges Andrew J. Wachter, Lori B. Fleming, and Kurtis I. Loy. Plaintiffs received 121 signatures on their petition but 315 were required. On June 2, 2015, a local judge not named in this case dismissed plaintiffs' petition and ordered it sealed.

Plaintiffs state that they believe that in September or October of 2015, defendant Hite, local attorneys, the three judges plaintiffs were attempting to remove from office, and others met to try to stop plaintiffs from getting signatures for their petition. This meeting would have occurred after their petition was dismissed.

Also after the petition was dismissed, around October 29, 2015, plaintiffs believe that defendants Dan Peak and Hite began an investigation into the validity of the signatures on plaintiffs' dismissed petition. Plaintiffs believe that defendant Hite investigated the situation because he is friends with various judges, goes to church with them, or attends social events with them at Crestwood Country Club.

Plaintiffs claim that defendants Peak, Hite, and a Kansas Bureau of Investigations Officer questioned various individuals about whether their signatures were valid and whether they knew plaintiffs. Plaintiffs believe the investigation was undertaken to intimidate the general population, to keep them from supporting plaintiffs' efforts.

**II.    Legal Standards**

    **a. Pro Se Litigants**

Where a plaintiff proceeds pro se, the court construes his or her filings liberally and holds them to less stringent standards than pleadings filed by lawyers. *Barnett v. Corr. Corp of Am.*, 441 F. App'x 600, 601 (10th Cir. 2011). Pro se plaintiffs are nevertheless required to follow the Federal and Local Rules of practice and the court does not assume the role of advocating for pro se plaintiffs. *United States v. Porath*, 553 F. App'x 802, 803 (10th Cir. 2014).

    **b. Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

The court will grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008).

The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id.* "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). The court construes any reasonable inferences from these facts in plaintiff's favor. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

**III.    Discussion**

    **a. Crawford County Sheriff's Department Lacks Capacity To Be Sued**

Defendant Crawford County argue that it should be dismissed from this action because it lacks the capacity to be sued. Federal Rule of Civil Procedure 17(b) says that entities such as Crawford

County's capacity to be sued is determined by law of the state where the court is held, in this case Kansas law. Kansas law says that "subordinate government agencies do not have the capacity to sue or be sued in the absence of statute." *Whayne v. State of Kan.*, 980 F. Supp. 387, 391 (D. Kan. 1997). Kansas law does not recognize sheriff's departments as entities capable of being sued. *See Creamer v. Ellis Cnty. Sheriff Dep't*, No. 08-4126-JAR, 2009 WL 1870872, at *1, *5 (D. Kan. June 29, 2009)); *Sparks v. Reno Cnty. Sheriff's Dep't*, No. 04-3034-JWL, 2004 WL 1664007, at *1, *3 (D. Kan. July 26. 2004). Defendant Crawford County Sheriff's Department is dismissed from this suit.

### b. Conspiracy under 42 U.S.C. § 1985

42 U.S.C. § 1985 prohibits conspiracies to interfere with civil rights. Plaintiffs' complaint does not explain which subsection of § 1985 applies to this case. Under Count I, the complaint generally references the facts outlined above relating to plaintiffs' petition to remove local judges from office. In their response, plaintiffs suggest that the seek relief based on § 1985(2) and (3). But both sections require plaintiff to allege "the defendants acted with [] racial, or protected-class-based invidious discriminatory animus." *Payn v. Kelley*, 702 F. App'x 730, 732 (10th Cir. 2017) (citing *Jones v. Norton*, 809 F.3d 564, 578 (10th Cir. 2015)).

Section 1985(2) "proscribes conspiracies to interfere with federal proceedings." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 340 (1993). Plaintiffs cite the sections of 1985 that deal with preventing an officer from performing duties and obstructing justice by intimidating a party, witness, or juror. Even if plaintiffs had shown the requisite animus, they have not shown that defendants conspired to act in a manner prohibited by § 1985. Plaintiffs' own allegations suggest that any investigation into the validity of petition signatures began after their petition was dismissed for failing to obtain sufficient signatures. Plaintiffs' only suggestion that a conspiracy existed is a vague reference

to their belief that defendants had a meeting, again after the petition was dismissed. This is insufficient to state a claim under § 1985.

To state a claim under § 1985(3), plaintiffs must sufficiently "allege that Defendant[s] (1) conspired, (2) to deprive [plaintiffs] of equal protection or equal privileges and immunities under the law, (3) acted in furtherance of this objective, and (4) injured [plaintiffs] or deprived [them] of any right or privilege as a result." *Wolfson v. Bruno*, 265 F. App'x 697, 698 (10th Cir. 2008). Both § 1985(2) and (3) require "[t]he intent behind the conspiracy must be based on some invidious discriminatory animus, such as racial or otherwise class-based animus." *Id.* (citing *Griffin v. Breckenridge*, 403 U.S. 88, 103 (1971)); s*ee also Jones*, 809 F.3d at 578 (quoting *Griffin*, 403 U.S.at 102)). The Supreme Court has limited the interpretation of "class" to be "something more than a group of individuals who share a desire to engage in conduct that the § 1985(3) defendant disfavors. *Id.*

Nothing in plaintiffs' complaint suggests they are part of a class that would qualify for § 1985(3) protection. Plaintiffs do not suggest that defendants' actions were motivated by discriminatory or racial animus. The closest plaintiffs come in their complaint is to state that they "are members of a private citizen class-based protected group" (Doc. 1, at 13). But plaintiffs do not explain what protected group they claim to be a part of, or why such group should be entitled to protection. Plaintiffs do not claim to be part of a protected minority. Plaintiffs spend more time describing defendants' social and religious characteristics than their own. And as discussed above, there is insufficient evidence of a conspiracy among defendants. Count I fails to state a claim upon which relief can be granted and must be dismissed.

### c. Discrimination under 42 U.S. § 1981

"Section 1981 has a specific function: it protects the equal rights of all persons within the jurisdiction of the United States to make and enforce contracts without respect to race." *Caddy v. J.P. Morgan Chase Bank*, 237 F. App'x 343, 345 (10th Cir. 2007) (quoting *Domino's Pizza, Inc. v.*

*McDonald*, 5465 U.S. 470 (2006)). "Any claim brought under § 1981, therefore, must initially identify an impaired 'contractual relationship,' under which the plaintiff has rights." *Id.* "Section 1981 plaintiffs must identify injuries flowing from a racially motivated breach of their own contractual relationship, not of someone else's." *Id.*

Again, the complaint does not allege that defendants' actions were racially motivated. Plaintiffs' claims necessarily fail for this reason. Although plaintiffs' response references plaintiff Muathe's race and country of origin, these conclusory allegations are insufficient. Plaintiffs' allegations in the complaint must make a short and plain statement entitling them to relief and they have not done so. Their § 1981 claim is therefore dismissed.

### d. Civil Rights Violations under 42 U.S.C. § 1983

Under Count III, plaintiffs claim that defendants violated their First Amendment rights. The complaint's allegations are conclusory. But plaintiffs generally claim that they are "members of a private citizen class-based protected group, and plaintiffs were engaged in protected speech ad activities under the First Amendment. . . ." (Doc. 1, at 20.)

Because there are no claims relating to ads in this case, rather a petition, plaintiffs' reference to ad activities may be an accidental reference or failure to update their pleadings from their previous, related lawsuit filed in this district. That case involved claims by plaintiffs and several others against local judges, and a local radio station relating to the alleged removal of plaintiffs' radio advertisements. The ads were intended to raise public interest in the very signature drive at issue in this case. *See*, *e.g.*, *King v. Fleming*, No. 16-2108-JAR-GLR, 2017 WL 386836, at *1 (D. Kan. Jan. 27, 2017) (ordering the plaintiffs, including plaintiffs King and Muathe, to pay costs and attorney's fees to the defendants, as well as sanctions for counsel's submission of a manipulated document to the court without making a

reasonable inquiry into its authenticity). Another court in this district required plaintiffs King and Muathe to each pay $4,000.00 in attorney's fees to the defendants in that case based on their misconduct.

Plaintiffs' complaint also claims that defendants were acting under color of state law "to interfere with, and to cause Plaintiffs' sealed Grand Jury case . . . to cause signers not to be involved in another other civil related duties, petitions, Court actions, or campaigns by scaring and intimidating people who signed the petition such as Connie Gibbs and Steve Kissane." (*Id.*) This vague allegation falls short of the required pleading standard for a § 1983 claim.

To state a § 1983 claim for First Amendment violations, plaintiffs must show: "(1) [they] were engaged in a constitutionally protected activity; (2) the defendants caused [them] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) the defendants' action was substantially motivated as a response to [their] exercise of constitutionally protected conduct." *Turner v. Falk*, 632 F. App'x 457, 460 (10th Cir. 2015) (quoting *Shero v. City of Grove*, 510 F. 3d 1196, 1203 (10th Cir. 2007)). To satisfy the third element, plaintiffs must show that "but for the retaliatory motive, the incidents to which [they] refer" would not have occurred. *Id.* (quoting *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)).

The complaint fails to sufficiently allege any of these elements. The plaintiffs have not shown that they were engaged in a constitutionally protected activity at the time the investigation into the validity of their signatures took place. The petition was dismissed before plaintiffs claim the officers' investigation began. Plaintiffs continue to file law suits challenging the actions of local officials. Likewise, plaintiffs have not shown they were injured such that a person of ordinary firmness would be chilled from continuing to engage in the activity. Plaintiffs have not claimed that they have attempted another petition and again, they seem to be continuing their group's activity by filing various federal lawsuits. Plaintiffs make only a conclusory statement that defendants' investigation into plaintiffs'

petition was motivated by plaintiffs' exercising their First Amendment Rights. Likewise, plaintiffs make only a conclusory claim that defendants' investigation was a direct and proximate cause of their "interference" with plaintiffs' petition.

First, these conclusory statements are insufficient under federal pleading standards. It is not enough to simply restate the elements of a claim. Second, plaintiffs' claims have the same temporal failing as many of their other claims. Defendants' investigation, which according to plaintiffs' complaint began after their petition was dismissed, cannot logically be the cause for its dismissal or any "intentional interference."

In any event, plaintiffs' individual capacity claims are barred by qualified immunity. "An official sued under § 1983 is entitled to qualified immunity unless it is shown that the official violated a statutory or constitutional right that was 'clearly established' at the time of the challenged conduct." *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). A right is not "clearly established" under the law "unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Id.* This means that "existing precedent must have placed the statutory or constitutional question confronted by the official 'beyond debate.'" *Id.* Qualified immunity protects public employees from the burdens of litigation as well as liability. *A.M. v. Holmes*, 830 F.3d 1123, 1135 (10th Cir. 2016).

When defendants assert the defense of qualified immunity, the burden is on plaintiffs to show "(1) that the official violated a statutory or constitutional right, *and* (2) that the right was 'clearly established' at the time of the challenged conduct." *Id.* If plaintiffs fail to prove either part of this test, defendants are entitled qualified immunity.

A plaintiff may show that a right is clearly established by citing either an on-point United States Supreme Court or Tenth Circuit Court of Appeals case, or by showing that the weight of authority from

other circuits supports his position. *Id.* But a case on point is not always required. The Tenth Circuit has also adopted a sliding-scale analysis for which the "more obviously egregious the conduct in light of prevailing constitutional principles, the less specificity is required from prior case law to clearly establish the violation." *Id.* (quoting *Casey v. City of Fed. Heights*, 509 F.3d 1278, 1284 (10th Cir. 2007).

Plaintiffs' only response to defendants' defense of qualified immunity are more conclusory allegations. Plaintiffs do not cite a case that clearly establishes that the alleged violations complained of in this case were clearly established at the time they were undertaken. Neither do they argue that defendants' conduct was so egregious considering prevailing constitutional principles that a case on point should not be required. Therefore, plaintiffs' individual capacity claims against defendants additionally fail because defendants are entitled to qualified immunity.

### e. State Law Claims

Plaintiffs bring the following state law claims:

IV.   Fraud
V.    Usurpation of Power
VI.   Tortious Interference with Contractual Relations
VII.  Defamation: Including Invasion of Privacy, False Light
VIII. County Office Supervisory Liability for Negligence and Negligent Training
IX.   Municipal Liability for Abuse of Process, Power, and Authority
X.    Violation of Kansas Tort Claims Act for Damages Caused by Employee Act or Omission
XI.   Negligent Maintenance of Public Nuisance
XII.  Oath of Office Breach of Contract

In a case where all federal claims are dismissed before trial, courts should "generally decline to exercise pendent jurisdiction . . . because [n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010). Plaintiffs' state law claims do not raise any issues that would implicate federal law, and the court determines that notions of comity and federalism dictate a dismissal without prejudice.

*See Endris v. Sheridan Cnty. Police Dep't*, 415 F. App'x 34, 36 (10th Cir. 2011) ("[A]ny state-law claims . . . were inappropriate subjects for the exercise of pendent federal jurisdiction where all federal claims had been dismissed."); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties . . . ."); *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

In this case, there are no compelling circumstances that justify this court retaining jurisdiction. The remaining claims involve purely state law issues that should be resolved by a state court. The Tenth Circuit's expressed preference for declining supplemental jurisdiction outweighs any interest in having them resolved in federal court. The court therefore declines to exercise supplemental jurisdiction over plaintiffs' state law claims.

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss for Failure to State a Claim (Doc. 18) is granted. The clerk of the court is directed to enter judgment in favor of defendants and against plaintiffs.

This case is closed.

Dated May 29, 2018, at Kansas City, Kansas.

                                              s/ Carlos Murguia
                                              **CARLOS MURGUIA**
                                              **United States District Judge**